## PEZZA et al. v. WILLIAMS–BAUER CORPORATION.

District Court, S. D. New York.

Dec. 17, 1942.

Nathan Permut, of New York City, for plaintiffs.

Emanuel Tacker, of New York City, for defendant.

LEIBELL, District Judge.

Three motions were submitted to the Court herein and they are discussed below in the order in which they appeared on the calendar.

*The first motion* is an application by plaintiffs for an order compelling the defendant by its witnesses, Ralph O. Williams and Carlo Conti, to answer nine questions objected to by the attorney for the defendant upon an examination before trial, held on November 17 and 23, 1942, and further for an order directing the examination of the aforesaid witnesses to continue, the examination having been adjourned pending the Court's ruling on the objections made to the nine questions set forth in exhibits annexed to the moving papers.

It is plaintiff's contention that the order of this Court, dated November 13, 1942, made by Judge Bondy, authorizes the questions asked. Item "11" of said order authorizes questions 64, 100, 101, 102, 105 and 106; items "4", "7" and "11" authorize questions 65, 66 and 67.

Although no affidavit or brief has been submitted by defendant in opposition to

this motion, his objections at the examination were that the questions, (1) were too general, (2) called for a conclusion and (3) were a fishing expedition. The latter objection is not very forceful since examinations before trial frequently are permissible "fishing expeditions" under the federal practice. The two other objections seem unwarranted in view of Judge Bondy's order mentioned above. Motion granted. The examination should be resumed and continued until concluded.

*The second motion* is an application of defendant`for an order directing the plaintiffs to comply fully with an alleged order of Judge Mandelbaum of this Court, on October 13, 1942 (directing plaintiffs to furnish a bill of particulars to the defendant), by compelling plaintiffs to furnish a further and complete bill of particulars which will comply with Judge Mandelbaum's alleged order.

I have read the answering affidavit of plaintiff's counsel which denies that Judge Mandelbaum ever made any order and attempts to explain away what defendant says was the oral agreement of counsel, made in open court in lieu of a formal order. An examination of the complete file shows that the plaintiffs are correct in stating that no formal order was entered upon Judge Mandelbaum's decision. The endorsed memorandum on the original motion papers merely reads: "Motion granted as indicated. Order to be settled upon two days notice if not agreed upon. SM U.S.D.J." There is nothing to show what "as indicated" means. It is conceded that they were words of limitation.

Under the circumstances, the defendant's motion must be denied without prejudice to his right to submit on notice, an order to Judge Mandelbaum for signature, in accordance with the Judge's decision on the original motion for a bill of particulars.

*The third motion* is the defendant's application for an order directing that the plaintiff's examination of Phil Conti and one Mastrangello be held at a place other than the office of plaintiffs' attorney, that a competent stenographer be furnished, and the time for taking depositions be postponed until after decision of the motion.

The affidavit of plaintiff's counsel states that he will consent to an order directing that the examination take place at any place designated by the Court and that an official stenographer of this Court be directed to record the testimony, but urges that the order dispense with the signing of the testimony and permit the transcription made by the official stenographer to be used with the same force and effect as if the testimony were signed. Although this concession on its face seems reasonable, it seems advisable that the testimony should be read and signed, and I so direct.

The motion is granted on the following conditions: The depositions of the witnesses shall be taken pursuant to Rule 30 (c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, before a notary and shall be recorded by an official stenographer of this Court, in Room 907 of the Courthouse on December 23, 1942, at 10:00 A. M. The testimony when typed shall be read and signed by the witnesses in accordance with Rule 30(e), Federal Rules of Civil Procedure. The plaintiffs shall pay the charge of the court stenographer in the first instance, to be taxable as costs against defendant if plaintiffs succeed in the action.

Settle order on notice in accordance with this opinion.